UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SANDRA BRUST, et al., :
: Hon. Joseph H. Rodriguez
:
v. : Civil Action No. 11-4839
:
ACF INDUSTRIES, LLC, et al. :
: **OPINION**

Presently before the Court is Plaintiffs' Motion for Remand and for an Award of Attorney's Fees and Costs.

## I. Background

This is an asbestos litigation. Plaintiff Sandra Brust has been diagnosed with, and currently suffers from, retroperitoneal malignant mesothelioma. She instituted this action against, *inter alia*, the Delaware River Port Authority ("DRPA") and the Port Authority Transit Corporation ("PATCO") on July 18, 2011 in the Superior Court of New Jersey, Law Division, Middlesex County. Among other claims against numerous other defendants, she alleges against the DRPA and PATCO common-law premises liability claims predicated upon secondary asbestos exposure. In short, Brust claims that her father, in his employment with DRPA and PATCO, was exposed to and then carried home on his clothing and person, asbestos.[1] She alleges this caused her to develop mesothelioma.

The DRPA removed this action to federal court on August 19, 2011, asserting

---

[1]This type of exposure is commonly referred to as "take home" or secondary exposure. This opinion will refer to the exposure under both names.

1

federal question jurisdiction. Plaintiffs claim that the removal of this case was a delay tactic, done for the express purpose of frustrating the prosecution of Brust's claims during her lifetime. Defendants disclaim any illicit purpose and contend that Plaintiffs' claims raise questions of interpretation of the DRPA's inter-state compact, which gives rise to federal question jurisdiction pursuant to 28 U.S.C. § 1331. However, the DRPA only asks remand be denied. Although it argues the common law claims alleged against it are improper, because it cannot be sued under the law of only one of its member states, it does not move for dismissal at this time.

The DRPA is a bi-state entity formed by a Congressionally approved compact. Construction of a Congressionally approved compact is a federal question. Cuyler v. Adams, 449 U.S. 433, 440 (1981). As a result, the limited issue here is whether there is a federal question presented on the face of Plaintiff's complaint.

## II. Standard of Review

**A. Motion for Remand**

As the party removing the case, Defendants bear the burden of proving that federal court jurisdiction is proper at all stages of the litigation. See Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). The district court must resolve all contested issues of fact and uncertainties of law in favor of the plaintiff. See Boyer, 913 F.2d at 111. Moreover, the court should strictly construe removal statutes and resolve all doubts in favor of remand. See Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). The strict construction of removal statutes honors Congress' power to determine the contours of the federal court's limited subject matter jurisdiction. See Bowles v. Russell,

551 U.S. 205, 212-13 (2007) (internal citation omitted) ("Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them.").

### B. Arising Under Jurisdiction

The DRPA contends that the Court has federal question jurisdiction to hear the case. See 28 U.S.C. § 1441(a); U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002). The DRPA alleges that because this case involves the interpretation of an interstate compact, federal question jurisdiction exists. See 28 U.S.C. § 1331; U.S. Express, 281 F.3d at 389. Federal question jurisdiction applies to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Only one claim conferring federal question jurisdiction is necessary for the entire case to be removed to federal court. See id. § 1441(c). The district court, however, may exercise its discretionary powers to remand all matters to state court in which state law predominates. See id.

### C. Well Pleaded Complaint Rule

Pursuant to § 1331's "all civil actions arising under" language, only cases "in which a well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" confer federal question jurisdiction. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 28 (1983). Under the well-pleaded complaint rule, the face of the plaintiffs' complaint must provide the basis for federal question jurisdiction by raising issues of federal law. See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997); see also Krashna v. Oliver Realty, Inc., 895 F.2d 111,

113 (3d Cir. 1990) ("In order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires that the federal question be properly presented on the face of the plaintiff's properly pleaded complaint.'") (quoting Railway Labor Executives Ass'n v. Pittsburgh & L.E.R.R., 858 F.2d 936, 939 (3d Cir. 1988)).

The basis for federal question jurisdiction must exist within the four corners of the complaint. See id. "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (footnote omitted). Therefore, a defense that raises a federal question does not confer federal jurisdiction. See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804 (1986).

**D. Bi-State Entities**

A bi-state entity, such as the DRPA, is "not subject to the unilateral control of any one of the States that compose the federal system." Hess v. Port Auth. Trans-Husdon Corp., 513 U.S. 30, 42 (1994). "[T]he applicability of state laws to a bi-state agency is determined by examining the language of the Compact." King v. Port Auth. Of New York & New Jersey, 909 F. Supp. 938, 944 (D.N.J. 1995) aff'd, 106 F.3d 385 (3d Cir. 1996). As a result, the presence of the DRPA as a defendant in this matter complicates the analysis of the Plaintiffs' claims.

"As one commentator recently observed, '[c]ompact agencies and entities are said to exist in a no-man's land. They lie somewhere in the space between independent and dependent, sovereign and subject, state and federal.'" Spence-Parker v. Delaware River and Bay Authority, 616 F.Supp.2d 509, 516, n.6 (D.N.J. 2009) (quoting Matthew S. Tripolitsiotis, *Bridge Over Troubled Waters: The Application of State Law to Compact*

*Clause Entities*, 23 Yale L. & Pol'y Rev. 163, 167 (2005)).[2] As noted by the Third Circuit in <u>International Union of Operating Engineers, Local 542 v. Delaware River Joint Toll Bridge Commission</u>, 311 F.3d 273 (3d Cir. 2002), there have been various approaches taken by courts in construing interstate compact. The disparate decisions are driven, in large measure, by the unique status of a bistate entities, which "typically are creations of three discrete sovereigns: two States and the Federal Government." <u>Hess</u>, 513 U.S. at 40 (internal quotations and citations omitted). Thus, bistate entities are "beholden neither to the states, since they gave up sovereignty for efficiency's sake, nor to Congress, since, once approved, Congress has no more executory powers over compact entities than it does over any private corporation." 23 Yale L. & Pol'y Rev. at 181.

### E. Application of State Law to Bistate Entities

To determine whether New Jersey's laws apply to the DRPA, this Circuit has adopted the "express intent" standard. <u>Local 542</u>, 311 F.3d 273.[3] In <u>Local 542</u>, the issue before the Court was whether the DRPA was subject to New Jersey's collective bargaining laws. <u>Id.</u> The Compact was silent regarding the collective bargaining rights of the employees. The Court held that collective bargaining laws could only apply to the DRPA if the legislation exhibited an express intent to bind the DRPA. <u>Id.</u> at 280-1. "We are persuaded, first, by the fact that the Compact does not contain any provision

---

[2] Tripolitsiotis' article is particularly helpful in that it carefully analyzes the interplay between interstate compacts and the member states' laws and the various approaches to reconciling the present issue. Moreover, the article highlights the tension in this area of the law through the examination of cases implicating the DRPA.

[3] <u>Local 542</u> rejected the New Jersey Supreme Court's complimentary and parallel standard announced in <u>Bunk v. Port Auth. of New York & New Jersey</u>, 144 N.J. 176, 676 A.2d 118, 122 (1996). 311 F.3d at 280-1.

enabling either state to modify it through legislation 'concurred in' by the other, and second, by the logic of the reasoning underpinning the . . . express intent standard [which is] persuasive." Id. at 280.

Local 542 does not address how this standard would or could apply to common law claims which are not the product of the State's legislative body. "The common law, unlike statutory law, is 'flexible' and adapts itself to varying conditions" and, as a result, could not express an intent to bind the DRPA. Ballinger v. Delalware River Port Authority, 172 N.J. 586 (2002). In addition, the "concurred in" language at issue in Local 542, by its plain terms, does not inform the analysis. See N.J.S.A. 32:3-5(b); 36 Pa. C.S.A. § 3503 ("the commission shall also have such additional powers as may hereafter be delegated to or imposed upon it from time to time by the action of either State concurred in by the legislation of the other.") (emphasis added).

Plaintiffs' common law claims lie within the tension between Local 542 and Yancoskie v. Delaware River Port Authority, 528 F.2d 722 (3d Cir. 1975), where the plaintiff sought damages relating to the death of her husband who was killed during construction of a bridge between New Jersey and Pennsylvania. In Yancoskie, plaintiff alleged purely state law wrongful death claims, but filed in federal court. Among other reasons, she asserted that the basis for federal jurisdiction was the existence of the sue or be sued clause of the compact. Id. at 725. On review, the Third Circuit rejected the proposition that the "sue or be sued clause" of the compact made § 1331 applicable to Plaintiffs' case. The Circuit stated that jurisdiction was not "conferred by the existence in the compact of a 'sue and be sued' clause although its construction might arguably become crucial in this case. The question of arguably federal law is not properly part of

6

plaintiff's statement of her own cause of action. Rather, it is an answer to an anticipated defense." Id. at 726 (footnote omitted).

The mere fact that the DRPA is sued does not always implicate the compact, as evidenced by Yancoskie.[4] To navigate the murky waters of which claims impact an interstate compact, one approach distinguishes the claims based on those that impact the internal operations of the DRPA and those that affect external relations. See Agesen v. Catherwood, 26 N.Y.2d 521, 260 N.E.2d 525 (N.Y. 1970)("The distinction between the internal operations and conduct affecting external relations of the Authority is crucial in charting the areas permitting unilateral action."). The common thread in statutory claims that attempt to ascribe additional obligations upon the DRPA, such as wage regulations, collective bargaining rules, and whistle blower protections, is that these claims implicate the operating procedures of the DRPA, which are set forth in the compact. See, e.g., Local 542, 311 F.3d at 280 (considering a statutory claim that would give workers collective bargaining rights and compel the DRPA to recognize the union); Spence-Parker, 616 F.Supp.2d 509 (considering claims that would regulate a bistate entity's employment practices). As a result, analysis of statutory claims against a bistate entity necessarily implicate the compact and present a federal question.

On the other hand, claims that seek redress for tortious conduct or breach of contract often impact only the external operations of the DRPA without implicating the

---

[4] Although Congressional ratification of the compact transformed its construction into a federal question, Congress did not expressly provide for a federal forum at the expense of the well pleaded complaint rule. See, e.g., Oklahoma Tax Commission v. Graham, 489 U.S. 838, 841 (1989) (collecting cases where Congress has, by statute indicated its desire to have federal courts "adjudicate defenses based on federal immunities.").

compact. See, e.g., Yancoskie, 528 F.2d 277 (wrongful death claim), Chafin v. Delaware River and Bay Authority, 1:CV 06-836, 2006 WL 378065, at *4 (D.N.J. Dec. 20, 2006) (Recognizing a distinction between state legislation and common law claims against a bistate entity); Martin v. Port Authority Transit Corp., 1: CV 09-3165, 2010 WL 1257730, at * 2 (D.N.J. Mar. 25, 2010) (Characterizing jurisdiction over Plaintiff's common law claims against a bistate entity as supplemental).  Although there is no commonality as to how the common law claims are construed, as evidenced above, at least some common law claims do not require construction of the compact.

The questions before the Court are whether Plaintiffs' claims implicate the compact and if so, whether construction of the compact trumps the well pleaded complaint rule.  Based on the above, the Court is persuaded that the common law claims alleged by Plaintiff do not implicate the operation of the DRPA, and by extension, do not implicate the terms of the compact.  Thus, as in Yancoskie, the Court will apply the well pleaded complaint rule.

### III.  Analysis

**A. Plaintiffs' Motion to Remand**

Here, Plaintiffs' "well-pleaded complaint" does not state a claim based on federal law.  Plaintiffs' complaint alleges purely state law causes of action, one of which is a common law premises liability claim against the DRPA.  NOR, Ex. A, Compl., Count Six.  Plaintiffs' complaint also "specifically disclaims any federal cause of action or any claim that would give rise to federal jurisdiction."  NOR, Ex. A., Complaint at 15.

In addition, Plaintiffs' claim against the DRPA does not turn on an issue of federal law.  Where a federal issue is embedded in a state law claim, the federal court has

jurisdiction over the claim when it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005); see also United Jersey Banks v. Parell, 783 F.2d 360, 366 (3d Cir. 1986).  Thus, federal jurisdiction exists "only if that question also 'is a necessary element of one of the well-pleaded state claims.'" Parell, 783 F.2d at 366 (emphasis added).

 Grable involved a quiet title state law claim, resolution of which turned on whether Grable was given adequate notice within the meaning of a federal tax statute. Id.  The parties disputed the meaning of the statute and the Court found resolution of Grable's claims required interpretation of the statute.  Id.  Thus, Grable fit into the "slim category" of cases in which a federal question was embedded into a state law claim. Id. (citing Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 701 (2006).

 Unlike Grable, Plaintiffs' common law claim of premises liability claim does not require resolution of a federal question to prove any element of the claim.  As the master of their claim, Plaintiffs here have plead strictly state law claims and, like Yancoskie, there is no federal element embedded in those claims.[5]  Moreover, like Yancoskie, Plaintiffs' complaint avers common law, as opposed to statutory, claims.

 Defendants' arguments, however, are not wholly without merit.  The Court agrees that the question of whether the Plaintiffs' claims are viable against the DRPA may

---

[5] While Yancoskie presents a plaintiff trying to implicate the inter-state compact to manufacture federal jurisdiction, the Third Circuit's characterization of the construction of the compact as a defense is persuasive, particularly here, where the DRPA asks the Court only to look at the face of the Complaint on a motion for remand.

become relevant.[6] The law applicable to bistate entities has been treated differently by state and federal tribunals. Compare Local 542, Local 542, 311 F.3d at 280 (employing the express intent standard to ascertain unilateral application of state claims to a bistate entity) with Ballinger v. Delaware River Port Authority, 172 N.J. 586, 599, 800 A.2d 97 (2002) (employing the substantial similarity test to ascertain unilateral application of statutory and common law claims to a bistate entity). But whereas the DRPA contends that Plaintiffs' claims puts construction of the compact on the face of the Complaint, the Court construes this to be a defense.

Given that this is a common law claim, like Yancoskie, relevance of the compact is more akin to a defense in this case. Such defenses are insufficient to confer federal question jurisdiction. See Graham, 489 U.S. at 841 (citing Gully v. First National Bank, 299 U.S. 109 (1936)). The claims asserted here are analogous to the state-law tax claims alleged in Oklahoma Tax . In that case, the state attempted to sue a tribe of Indians for breaches of the state tax code in state court. Id. The tribe removed to federal court on the basis of tribal immunity. The Supreme Court held that the fact that the state law

---

[6] Defendants argue that neither Plaintiffs' home state of Georgia nor the Commonwealth of Pennsylvania recognize the existence of tort liability of an employer for claims by an employee's relative who allegedly was "secondarily" exposed to asbestos brought home on the employee's clothes or person. As a result, the issue of whether New Jersey's common law applies to the DRPA requires interpretation of the compact to determine "if the agency's compact expressly provides for unilateral action" or "the agency has impliedly consented to the exercise of single-state jurisdiction." Int'l Union of Operating Engineers, Local 68, AFL-CIO, 147 N.J. at 446. Defendants argue that because interpretation of the compact is necessary to determine whether Plaintiffs' state law claims apply to the DRPA, the Complaint contains a facial allegation of federal law.
    For the reasons stated above, the Court disagrees that this presents a facial allegation of federal law.

claims may not ultimately impose liability upon the defendants because of a federal immunity was of no consequence to the application of the well pleaded complaint rule. Id. at 841-2. Applying the well pleaded complaint rule, the Supreme Court held the removal improper.

Here, the fact that the construction of the compact is governed by federal law and may preclude liability for the claims alleged does not convert the common law claim into a federal question. In addition, the mere presence of the DRPA as a defendant is not enough to confer federal jurisdiction. Id. Thus, while construction of the compact may become relevant if the DRPA moves to dismiss the action, the four corners of the Complaint do not espouse federal jurisdiction in this case under §§ 1331 or 1337.

As a result, the Court finds that interpretation of the compact is not a necessary component of Plaintiffs' common law claim against the DRPA. Rather, it is an anticipated defense to suit. Yancoskie, 528 F.2d 722. Plaintiffs' causes of action are governed by state common law. Because the Defendants have limited its request, the Court is constrained to look at the four corners of the Complaint and concludes that "arising under" jurisdiction is lacking. The matter will remanded to the State Court.

**B. Motion for Costs and Fees**

Plaintiffs claim that the DRPA removed this matter from state court to delay consideration of Plaintiff Sandra Brust's claims during her lifetime and seek an award of costs and fees. Pursuant to 28 U.S.C. § 1447 (c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Such an award is appropriate where the Defendant lacked an objectively reasonable

basis for seeking removal.

Plaintiffs' claim of delay has some merit. The DRPA could have moved for dismissal of the claims in the state court, on the ground advanced here; that the DRPA is not subject to Plaintiffs' claim. But Defendants removed the action to federal court and ask this Court to recognize only the presence of a federal question, without answering that question, even though it argues that the answer would result in dismissal of the claims against it. In asbestos litigation, courts have recognized the economic value of delay to the defendant. See, e.g., In re Maine Asbestos Cases, 44 F.Supp.2d 368, 374, n.2 (D.Me. 1999). Thus, is not unreasonable for Plaintiffs to conclude that the DRPA's motive is to delay the case from moving forward.

However, given the unsettled state of the law applicable to construing claims against a bistate entity, such as the DRPA, the Court cannot conclude that the removal of this case was without an objectively reasonable basis. Martin, 546 U.S. at 141. Ultimately, the Court found federal jurisdiction lacking, but other courts have recognized federal jurisdiction over common law claims against the DRPA. See Moore v. Delaware River Port Authority, 80 F.Supp.2d 264 (D.N.J. 1999) (recognizing federal question jurisdiction over plaintiff's breach of implied employment contract claim against the DRPA). As a result, an award of fees and costs is not warranted.

## IV. Conclusion

For the reasons set forth above, Plaintiffs' Complaint does not state a claim based on federal law. The motion to remand is granted. Plaintiffs' motion for an award of costs and fees is denied, consistent with the Opinion.

An appropriate Order shall issue.

Dated: December 21, 2011

                                              /s/ Joseph H. Rodriguez  
                                              Hon. Joseph H. Rodriguez  
                                              UNITED STATES DISTRICT JUDGE